No. 9849.

MRS. C. C. GERRISH VS. JOHN H. POPE.

In a proceeding by rule to enforce the provisions of a judgment rendered in a partition proceeding, and to compel the completion of an adjudication of property which entered into the partition proceeding and judgment, which judgment has become final, this judgment cannot be changed, altered or amended by the judgment on the rule. It constitutes *res adjudicata*.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*W. S. Benedict* for Plaintiff and Appellee.

*Chas. S. Rice* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. On the 3d of May, 1882, the plaintiff as the universal legatee of Mrs. Renette W. Pope, the deceased wife of John H. Pope, defendant, instituted an action of partition against the latter.

She alleged in substance that the defendant claimed certain rights in the real estate bequeathed to her by the will of the deceased. She prayed for a partition of the estate, and that the rights of all parties therein be fixed by the court and that the parties be referred to a notary to complete the partition.

About the same time the defendant Pope also filed a suit for a partition. He averred in substance that the deceased has bequeathed him her interest in a drug store, known as Pope's Drug Store, then in his possession on Magazine street in this city.

He further averred that there was a certain square of ground situated in Bloomingdale, Sixth District of New Orleans, designated as square 14, which had been bequeathed to the plaintiff, the title to which, though it stood in the name of his deceased wife, had been paid for by the community, to the amount of $2500, and had been improved at the expense of the community to the extent of $4250.

He further represented that there were community debts to the amount of about $3000, among them one of $2000, secured by a mortgage on the drug store.

He prayed to be recognized as a creditor of the community for $4250 and for judgment against the plaintiff for one-half that sum, that the real estate be sold to pay said sum as well as all other debts of the community, and the surplus, if any, to be divided between himself and the plaintiff.

By agreement, these two partition suits were consolidated—the peti-

tion in the suit brought by the defendant Pope to serve as the answer to the one instituted by the plaintiff.

After the pleadings were thus made up, the following agreement was entered into between the parties, to wit:

"It is agreed between the parties as follows: The defendant shall put back into the premises, in square bounded by Magazine, State, Webster and Laurel streets, the furniture removed by him therefrom (or account for such portion as cannot be returned.)

"The plaintiff and her husband shall have privilege of renting said premises and contents from the civil sheriff, at the rate of ten dollars per month, for the one undivided half interest thereof, pending claim of defendant for interest therein.

"The plaintiff and her husband do hereby relinquish any and all claim against the property known as the drug store, No. 708 Magazine street, between First and Second streets, known as Pope's Drug Store, and contents, including movables and immovables. All other questions in controversy left open."

There was a protracted contest, resulting in a judgment on the 16th of June, 1884.

This judgment reads as follows:

"For the reasons orally assigned, it is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Mrs. Caroline C. Gerrish, and against the defendant, John H. Pope, decreeing said plaintiff to be the true and lawful owner of the premises in Blooming-dale, described in the petition, subject to the rights against said property acquired and now held by the community of acquets and gains lately existing between the defendant, John H. Pope, and his deceased wife, Renette W. Pope, growing out of the improvements made by said community on said property.

"It is further ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Mrs. Caroline C. Gerrish, and against defendant, John H. Pope, decreeing a partition of the succession of the late Renette W. Pope; that, in order to determine the rights of the late community of acquets and gains against the property described in the petition, it is ordered, adjudged and decreed that the said property be sold by the civil sheriff of the parish of Orleans, at public auction, after the usual delays and advertisements, for cash; that the said property be appraised, by V. I. Lambert and Chas. Parent, in block, including improvements—said appraisements to serve as the basis of the sale; that the said appraisers also appraise said property separate from the improvements, the last appraisement to serve as a basis for

distribution; that the value of the improvements be recognized as belonging to the community of acquets and gains lately existing between John H. Pope and his deceased wife, Renette W. Pope, and the said community is declared to be a creditor of the said property described in the petition for the value of said improvements; that the said community is declared to be a creditor of the said property in the sum of ($2250) two thousand two hundred and fifty dollars, money advanced for the purchase price.

"It is further ordered, adjudged and decreed that the plaintiff, Mrs. Caroline C. Gerrish, be recognized as the owner of one-half of the said community of acquets and gains, after the payment of all debts and liabilities.

"It is further ordered, adjudged and decreed that the defendant, John H. Pope, account to the community of acquets and gains for the value of the furniture and other effects described in Document X, p. 228, hitherto attached and made part hereof.

"It is further ordered, adjudged and decreed that out of the proceeds of the property described in the petition coming to the community of acquets and gains, the community debts to be paid, to wit:

"The sum of $2000, with interest, now secured by a mortgage on the property known as Pope's drug store; the sum of $86.50 to T. W. Bothick; $32.68 to E. J. Hart & Co.; Dr. J. C. Bickham, $88; I. L. Lyons & Co., $96.68: R. Finlay & Co., $148.19; De Lanzac & Cahn, $194.83; Dr. John Carter, $20; that the parties litigant be referred to W. J. Castell, Esq., notary public, to make a distribution of the partition sale, and that the costs be divided equally between the parties."

From this judgment neither party appealed, and the time for an appeal passed and the judgment became irrevocable.

An appraisement was made in conformity to the judgment—that is, the land and the improvements thereon were separately appraised, each at $4000, making a total of $8000; and the property was adjudicated to the plaintiff for $7500.

On the 4th of May, 1855, Pope took a rule on the plaintiff to show cause why she should not comply with the adjudication, and a judgment was rendered on the rule directing a notary named "to make a partition of the succession as directed by the judgment rendered."

On 18th of December following, the notary filed his report, showing that he had prepared an act or projet for the partition and distribution —that Pope had signed the same, but that Mrs. Gerrish had filed objections thereto, which he made a part of his report; which objections need not here be specifically set forth.

On January, 1886, Pope took another rule on the plaintiff to show cause why she should not comply with the adjudication, and sign and execute the act of distribution prepared by the notary, and in default thereof why the property should not be sold *à la folle enchère.*

The plaintiff answered this rule by setting out at length the objections she had made to the act for partition and distribution prepared by the notary and which she had refused to sign.

During the progress of the trial the plaintiff, Mrs. Gerrish, defendant in the rule, offered evidence to support the averments of her answer, when she was met by the objection substantially, that the matters sought to be proved were all concluded by the judgment rendered in the partition suit in June, 1884, and that the judgment constituted *res adjudicata.* This objection was overruled and the evidence admitted and judgment on the rule rendered as follows:

"For the reasons dictated to the stenographer and now on file—

"It is ordered, adjudged and decreed that the exception of *res adjudicata,* filed by the defendant to the opposition of Mrs. C. C. Gerrish to the *proces verbal* of distribution filed by the notary, December 18, 1885, be overruled; and it is further ordered, adjudged and decreed that the opposition of Mrs. C. C. Gerrish to the *proces verbal* be maintained, and that the notary be directed to amend the *proces verbal* by charging the defendant, John H. Pope, with all debts due by the Pope drug store, at the decease of Renette W. Pope, that is to say, on the 2d of April, 1882, and particularly with the debt of $2000, with interest, secured by mortgage on said property; the sum of $32.68, due by the drug store to E. J. Hart & Co.; $66.68 due by drug store to I. L. Lyons & Co.; $148.19 to R. Finlay & Co.; the sum of $194.83, due by the drug store to De Lanzac & Cahn.

"It is further ordered that the notary amend his *proces verbal* by charging to Mrs. C. C. Gerrish, plaintiff herein, any debts due by the separate estate of Renette W. Pope; and that the *proces verbal* herein be referred to Boussiere Rouen, Esq., notary public, in place of J. J. Woulfe, no longer a notary; and that said Boussiere Rouen, Esq., be commanded to complete the *proces verbal,* now before the court, in accordance with the amendments directed by this judgment."

This is the judgment that is before us for review, and this long recital we have deemed essential to a clear understanding and determination of the issue raised by this plea of *res adjudicata.* This recital of itself plainly tends to the conclusion that the judge *a quo* in ruling on this point was in error.

This appears more clearly when we compare the judgment rendered in the particular suit with that rendered on the rule referred to, together with the pleadings in the two proceedings.

The matters adjudicated upon in the first judgment of 16th of June, 1884, are substantially these:

1. Recognizing Mrs. Gerrish, plaintiff, the owner of Bloomingdale property known as square 14.

2. Decreeing that the value of the improvements thereon belonged to the community, and declaring the community creditor therefor, and also a creditor for $2250, for money advanced by the community to pay the price of the property.

3. Ordering the sale of this Bloomingdale property after separate appraisements of the land and of the improvements.

4. Recognizing Mrs. Gerrish as the owner of one-half the community after payment of its debts.

5. Requiring Pope to account to the community for certain furniture he had disposed of.

6. That out of the proceeds of the community property described in the petition the community debts be paid. The debts being mentioned as the $2000 mortgage on the drug store, and many others for smaller amounts.

7. Referring the parties to a notary who was directed to make a distribution of the proceeds of the partition sale.

The judgment rendered on the rule on the 26th of November, 1884. This judgment decreed substantially:

1. That the plea of *res adjudicata* be overruled.

2. That the opposition of Mrs. Gerrish to the act of partition and distribution prepared by the notary (termed a *proces verbal* in the judgment) be maintained.

3. That Pope be charged with all the debts due by the Pope's Drug Store. (The debts being mentioned and being the same as were ordered in the piece judgment to be paid out of the proceeds of sale of the community property.)

4. That the *proces verbal* of the notary be amended by charging Mrs. Gerrish with the debts due by the separate estate of the testatrix, (Mrs. Pope.)

5. By naming a notary and requiring him to complete the *proces verbal* in accordance with this judgment.

It will plainly appear from this comparison of the two judgments that they differ in several essential particulars. In fact, it is obvious that the court *a qua* instead of dismissing the rule or rendering a judg-

ment thereon to enforce the provisions of the judgment in the partition suit, for which purpose the rule was instituted, rendered an entirely new judgment of partition.

For instance, as shown, the debts due by the drug store, which were enumerated in both judgments, and in the first were required to be paid out of the community property, in the last judgment on the rule were charged to the defendant Pope, or to the drug store.

This judgment also maintained the opposition of the plaintiff to the process verbal or act of partition prepared by the notary, which opposition, it appears, is in striking conflict with the judgment of partition.

It would moreover appear from the reasons assigned for judgment which are in the record, that the judge regarded this proceeding by rule as an act of partition; in fact, he so terms, and in his entire opinion he makes no mention of any rule.

The judgment rendered in the original partition suit on the 11th of June, 1884, settled all matters of controversy between the parties relating to the partition and the settlement of the community, between Pope and the plaintiff, the legal representative of his deceased wife. It was *res adjudicata*, and this plea should have been maintained as to all matters pertaining to or embraced in said judgment or in the pleadings pertaining thereto.

It further appears that the plaintiff, Mrs. Gerrish, paid only $500 of the $7500, the price at which the property was adjudicated to her. She has shown no reason why the same should not be completed.

We have likewise examined critically the act of partition prepared by the notary to carry out the judgment of the 11th of June, 1884, and we discover no reason why she should not sign it, since it conforms to the terms of the judgment.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and the rule in the case be and the same is now made absolute, and that Mrs. C. C. Gerrish, plaintiff herein and defendant in the rule, be and she is hereby decreed to complete the adjudication of the property described in the pleadings as square 14, and designated as the Bloomingdale property, by paying the balance of the price bid for the same, and that she execute the provisions of the judgment rendered on the 11th of June, 1884, relative to the partition of the property and distribution of the funds, and sign the act of partition and distribution prepared under said judgment, reported and filed on the 18th of December, 1885, and that Mrs. Gerrish pay the costs of both courts.